IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL DAVITT,
        Plaintiff,

vs.                                         No. CV 17-00541 KG/KRS

DR. CASTILLO, et al.,
        Defendants.

## ORDER DENYING REQUEST TO BE RELIEVED
## OF INITIAL PARTIAL PAYMENT AND ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on the letter request to be relieved of the obligation to make an initial partial payment of the filing fee filed by Plaintiff Michael Davitt. (Doc. 14). On May 16, 2017, the Court granted Plaintiff Davitt leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and, based on the information contained in his six-month inmate account statement, ordered him to make an initial partial payment of $20 within thirty days or show cause why the payment should be excused. (Doc. 5). Instead of making the initial partial payment, Davitt filed a request asking to be relieved of the requirement to make the initial partial payment, stating that, since entry of the Order, he has not had $20 in his inmate account. (Doc. 14).

The *in forma pauperis* statute, 28 U.S.C. § 1915 provides:

"[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee. The court **shall assess** and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
    (A) the average monthly deposits to the prisoner's account; or
    (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal. "

28 U.S.C. § 1915(b)(1).

The six-month inmate account statement submitted by Davitt demonstrated his financial ability to pay the initial partial filing fee of $20, but that he spends his money on prison

1

commissary purchases. (Doc. 4). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Struthers,* 9 F. App'x 947, 949 (10th Cir. 2001). The Court's May 16, 2017 Order required Davitt to make the $20 partial payment or show cause why he should be relieved of the obligation. (Doc. 5). Davitt's letter request is not sworn under penalty of perjury, and states no more than that he has not had $20 in his account. (Doc. 14). His letter request does not establish cause why he should be excused from making the initial partial payment.

Because Plaintiff has failed to comply with the Court's Order, he will be required to show cause why this action should not be dismissed. *See Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980); *Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). The Court will deny Davitt's request to be excused from making the initial partial payment and will order Davitt to show cause, within 30 days of entry of this Order, why the Complaint should not be dismissed for failure to comply with the Court's May 16, 2017 Order. If Davitt fails to comply with this Order, the Complaint may be dismissed without further notice.

IT IS ORDERED:

(1) Plaintiff Michael Davitt's letter request to be excused from making the initial partial payment (Doc. 14) is **DENIED**; and

(2) within 30 days of entry of this Order, Plaintiff Davitt is ordered to **SHOW CAUSE** why this action should not be dismissed for failure to comply with the Court's May 16, 2017 Order.

_____
UNITED STATES MAGISTRATE JUDGE