IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL DAVITT,

    Plaintiff,

vs.                                                                No. CV 17-00541 KG/KRS

DR. CASTELLO, JANET DOE,
JANE DOE, and JOHN DOE,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court under Fed. R. Civ. P. 41(b) on the Complaint for Violation of Civil Rights filed by Plaintiff Michael Davitt (Doc. 1) and the Court's February 13, 2018 Order to Show Cause (Doc. 15). The Court will dismiss this proceeding without prejudice for failure to comply with the Court's Order and failure to prosecute this action.

Plaintiff Davitt filed his Complaint on May 8, 2017 (Doc. 1). He also sought leave to proceed without prepayment of fees or costs under 28 U.S.C. § 1915. (Doc. 4). On May 16, 2017, the Court granted Plaintiff Davitt leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and, based on the information contained in his six-month inmate account statement, ordered him to make an initial partial payment of $20 within thirty days or show cause why the payment should be excused. (Doc. 5).

Instead of making the initial partial payment, Davitt filed a request asking to be relieved of the requirement to make the initial partial payment, stating that, since entry of the Order, he has not had $20 in his inmate account. (Doc. 14).

The *in forma pauperis* statute, 28 U.S.C. § 1915 provides:

"[I]f a prisoner brings a civil action or files an appeal in forma pauperis,
the prisoner shall be required to pay the full amount of the filing fee. The

> court **shall assess** and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>> (A) the average monthly deposits to the prisoner's account; or
>> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal. "

28 U.S.C. § 1915(b)(1).

The six-month inmate account statement submitted by Davitt demonstrated his financial ability to pay the initial partial filing fee of $20, but that he spends his money on prison commissary purchases. (Doc. 4). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Struthers,* 9 F. App'x 947, 949 (10th Cir. 2001). The Court's May 16, 2017, Order required Davitt to make the $20 partial payment or show cause why he should be relieved of the obligation. (Doc. 5). Davitt's letter request was not sworn under penalty of perjury, and he states only that he has not had $20 in his account. (Doc. 14). His letter request did not establish cause why he should be excused from making the initial partial payment.

On February 13, 2018, the Court determined that Davitt had failed to comply with the Court's May 16, 2017, Order and denied Davitt's request to be relieved of the obligation to make the initial partial payment. (Doc. 15). The Court's Order directed Davitt to show cause, within 30 days of entry of the Order, why the Complaint should not be dismissed for failure to comply with the May 16, 2017, Order. More than 30 days has elapsed since entry of the Court's February 13, 2018, Order to Show Cause and Plaintiff Davitt has not responded or otherwise shown cause why the case should not be dismissed.

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003); *Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980) ("It is incumbent on litigants, even those proceeding pro se, to follow the federal rules of procedure. . . The same is true of simple, nonburdensome local rules...." (citation omitted)). Plaintiff has failed to comply with the Court's January 3, 2018, Order, to comply with the Local Rules, and to prosecute this action. Plaintiff Davitt has failed to comply with the Court's May 16, 2017, and February 13, 2018, Orders and has failed to prosecute this action. Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Orders and failure to prosecute.

**IT IS ORDERED** that the Complaint for Violation of Civil Rights filed by Plaintiff Michael Davitt (Doc. 1) **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with Court orders and failure to prosecute.

_____
UNITED STATES DISTRICT JUDGE